1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH HERNANDEZ,

           Plaintiff,

   v.

I.S.U., et al.,

           Defendants.

Case No.  21-cv-04368-HSG

**ORDER OF SERVICE**

      Plaintiff, an inmate at High Desert State Prison, has filed a *pro se* action pursuant to 42 U.S.C. § 1983 regarding events that happened at Pelican Bay State Prison ("PBSP"), where he was previously housed.  In screening the complaint, the Court found that the complaint violated the joinder requirement in that it alleged two separate questions of law and fact: (1) a due process claim against defendants PBSP correctional officers Kaufman, McBride, Townsend, and Bradbury, and a First Amendment retaliation claim against defendant PBSP correctional officer Lacy; and (2) an Eighth Amendment claim against defendants Turnell and Ramsey.  Dkt. No. 8 at 7-9.  The Court also noted other deficiencies in the complaint.  *Id.*  The Court ordered Plaintiff to either chose one of the claims to proceed on, or to file an amended complaint that addressed the identified deficiencies.  *Id.* at 13.  Plaintiff has indicated that he wishes to proceed solely on the due process claim against defendants Kaufman, McBride, Townsend, and Bradbury, and on the First Amendment retaliation claim against defendant Lacy.  Accordingly, the Court orders as follows.

      For the foregoing reasons, the Court orders as follows.

      1.      The following defendant(s) shall be served: Pelican Bay State Prison Officer Kaufman, Lieutenant McBride, Correctional Counselor Townsend, Chief Deputy Warden

United States District Court
Northern District of California

1    Bradbury, and Lieutenant Lacy.

2            Service on the listed defendant(s) shall proceed under the California Department of

3    Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners

4    in the CDCR's custody.  In accordance with the program, the Clerk is directed to serve on the

5    CDCR via email the following documents: the operative complaint, this order of service, a CDCR

6    Report of E-Service Waiver form, a summons, and a consent or declination to magistrate judge

7    jurisdiction form.  The Clerk also shall serve a copy of this order on the Plaintiff.

8            No later than 40 days after service of this order via email on the CDCR, the CDCR shall

9    provide  the court a completed CDCR Report of E-Service Waiver advising the court which

10   defendant(s) listed in this order will be waiving service of process without the need for service by

11   the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or

12   could not be reached.  The CDCR also shall provide a copy of the CDCR Report of E-Service

13   Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court

14   a waiver of service of process for the defendant(s) who are waiving service.

15           Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each

16   defendant who has not waived service according to the CDCR Report of E-Service Waiver a

17   USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies

18   of this order, the summons, and the operative complaint for service upon each defendant who has

19   not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-

20   Service Waiver.

21           2.      The Eighth Amendment claim against defendants Turnell and Ramsey is

22   DISMISSED for violating the joinder requirements set forth in Fed. R. Civ. P. 20(a)(2).  This

23   dismissal is without prejudice to Plaintiff pursuing these claims in a separate action.  The Clerk

24   shall send Plaintiff two copies of the Court's complaint form.  Defendants Turnell and Ramsey are

25   DISMISSED from this action because there are no claims against them.

26           3.      In order to expedite the resolution of this case, the Court orders as follows:

27                   a.      No later than 91 days from the date this order is filed, Defendants must file

28   and serve a motion for summary judgment or other dispositive motion.  If Defendants are of the

2

1    opinion that this case cannot be resolved by summary judgment, Defendants must so inform the

2    Court prior to the date the motion is due.  A motion for summary judgment also must be

3    accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what

4    is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir.

5    2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be

6    served concurrently with motion for summary judgment).[1]

7                 b.    Plaintiff's opposition to the summary judgment or other dispositive motion

8    must be filed with the Court and served upon Defendants no later than 28 days from the date the

9    motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment

10   provided later in this order as he prepares his opposition to any motion for summary judgment.

11                 c.    Defendants shall file a reply brief no later than 14 days after the date the

12   opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No

13   hearing will be held on the motion.

14           4.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the

15   Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must

16   do in order to oppose a motion for summary judgment.  Generally, summary judgment must be

17   granted when there is no genuine issue of material fact – that is, if there is no real dispute about

18   any fact that would affect the result of your case, the party who asked for summary judgment is

19   entitled to judgment as a matter of law, which will end your case.  When a party you are suing

20   makes a motion for summary judgment that is properly supported by declarations (or other sworn

21   testimony), you cannot simply rely on what your complaint says.  Instead, you must set out

22   specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

23   as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and

24   documents and show that there is a genuine issue of material fact for trial.  If you do not submit

25   _____

26   [1] If Defendants assert that Plaintiff failed to exhaust his available administrative remedies as
     required by 42 U.S.C. § 1997e(a), Defendants must raise such argument in a motion for summary

27   judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014)
     (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that

28   failure to exhaust available administrative remedies under the Prison Litigation Reform Act,
     should be raised by a defendant as an unenumerated Rule 12(b) motion).

your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does not excuse Defendants' obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

5. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants, but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated:   7/25/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

4