1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 JOSEPH HERNANDEZ,

8             Plaintiff,

9      v.

10 I.S.U., et al.,

11             Defendants.

Case No. 21-cv-04368-HSG

**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL**

Re: Dkt. No. 22

United States District Court
Northern District of California

12

13      Plaintiff, an inmate at High Desert State Prison, has filed a *pro se* action pursuant to 42

14 U.S.C. § 1983 regarding events that happened at Pelican Bay State Prison ("PBSP"), where he was

15 previously housed. The complaint alleges that (1) PBSP officers Kaufman, McBride, Townsend

16 and Bradbury violated Plaintiff's due process rights when they placed him in administrative

17 segregation based on evidence that lacked indica of reliability, and (2) PBSP officer Lacy

18 retaliated against Plaintiff in violation of the First Amendment when, in retaliation for Plaintiff

19 naming him in a staff complaint and a federal civil rights action, defendant Lacy refused to

20 conduct an unbiased investigation of Plaintiff's August 2017 grievance which challenged the

21 placement in administrative segregation. Dkt. Nos. 1, 8, 10, 11. On July 25, 2022, the Court

22 ordered service on the named defendants and set a briefing schedule. Dkt. No. 11. Currently,

23 Defendants' dispositive motion is due on January 23, 2023. Dkt. No. 21. Now pending before the

24 Court is Plaintiff's request for appointment of counsel. Dkt. No. 22. Defendants have filed an

25 opposition to this request. Dkt. No. 23. For the reasons set forth below, the Court DENIES

26 Plaintiff's request for appointment of counsel. Dkt. No. 22.

27 //

28 //

**DISCUSSION**

Plaintiff has filed a 7-page motion requesting appointment of counsel, accompanied by a 4-page supporting declaration and exhibits.  Dkt. No. 23.  Plaintiff argues that appointment of counsel is necessary because he is unable to afford counsel; the issues involved in this case are complex; the number of defendants and an unidentified John Doe defendant renders this case legally complex; Plaintiff has requested a jury trial, which is beyond Plaintiff's skill; Plaintiff has not been able to obtain any of his legal property, including the legal material relevant to this complaint; Plaintiff is housed in segregated housing and therefore has extremely limited access to the law library; Plaintiff's requests to use the law library are not being prioritized because he is considered a General Legal User and not a Priority Legal User; Plaintiff's access to the law library is limited by the library being open only one day a week and numerous inmates seeking to use the library; Plaintiff has a limited knowledge of the law; Plaintiff is unable to develop facts because he is no longer housed at PBSP and cannot locate and interview prisoners who knew of the protected conduct he was working on or who may have witnessed defendant Lacy's lack of interest in investigating Plaintiff's grievance; this case requires "considerable discovery concerning confidential information, personal records, emails, officer reports and statements, notes, memorandums, and any prior history of misconduct by the officers, all information Plaintiff will have a hard time in obtaining;" there will be conflicting testimony and the case will turn on credibility determinations; this case is meritorious; and Plaintiff is unable to communicate in a timely manner with Defendants' counsel.  *See generally* Dkt. No. 22.

Defendants have opposed this request, arguing that Plaintiff has not met the requirements for appointment of counsel, as set forth in *Wilborn v. Escalderon*, 789 F.3d 1328, 1331 (9th Cir. 1986), and its progeny.  Defendants argue that, pursuant to circuit precedent, the exceptional circumstances which would require appointment of counsel require something more than the fact that a *pro se* litigant is unfamiliar with legal rules and procedures; will need to take discovery; has limited access to the law library; and would be better served with the assistance of counsel. Defendants also argue that Plaintiff has not demonstrated a likelihood of success on the merits. Defendants state that the limitations and restrictions faced by Plaintiff justify reasonable requests

United States District Court
Northern District of California

1    for continuances, but do not justify appointment of counsel.  *See generally* Dkt. No. 23.

2    **A.      Standard**

3          There is no constitutional right to counsel in a civil case unless an indigent litigant may

4    lose his physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Social Services*, 452 U.S.

5    18, 25 (1981);  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Rand v. Rowland*, 113 F.3d

6    1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in Section 1983 action), *withdrawn*

7    *in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).  However, a

8    court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C.

9    § 1915(e)(1).

10         Plaintiff applies the incorrect standard for determining whether appointment of counsel is

11   necessary.  The cases cited by Plaintiff are not controlling because they are not from this circuit.[1]

12   *Farrakhan v. Gregoire*, 590 F.3d 989, 1000 (9th Cir.) *overruled on other grounds by* 623 F.3d 990

13   (9th Cir. 2010) ("Out-of-circuit cases are not binding on this Court and therefore do not constitute

14   'controlling authority.'").  In the Ninth Circuit, the decision to request counsel to represent an

15   indigent litigant under Section 1915 is within "the sound discretion of the trial court and is granted

16   only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  A

17   finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's

18   success on the merits and of the plaintiff's ability to articulate his claims *pro se* in light of the

19   complexity of the legal issues involved.  *See Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101,

20   1103 (9th Cir. 2004).  Both factors must be viewed together before reaching a decision on a

21   request for counsel under Section 1915.  *See id.*  Neither the need for discovery, nor the fact that

22   the *pro se* litigant would be better served with the assistance of counsel, necessarily qualify the

23   issues involved as complex.  *See Rand*, 113 F.3d at 1525 (where plaintiff's pursuit of discovery

24   was comprehensive and focused, and his papers were generally articulate and organized, district

25

26   ───────────────

27   [1] In addition, Plaintiff has cited cases from circuits which have specified that they apply a different
     standard than the Ninth Circuit when deciding whether to appoint counsel.  *See Parnham v.*
     *Johnson*, 126 F.3d 454, 457 (3rd Cir. 1997) ("Several circuits have held that counsel can be

28   appointed only in 'exceptional circumstances,' but the Second, Third, Seventh, and Eighth
     Circuits have chosen not to read such a requirement into [28 U.S.C. § 1915].")

United States District Court
Northern District of California

1    court did not abuse discretion in denying request for counsel); *Wilborn*, 789 F.2d at 1331 (*pro se*

2    litigants are "seldom in a position to investigate easily the facts necessary to support the case" but

3    need to develop further facts does not render issues complex sufficient to require appointment of

4    counsel).

5    **B.      Analysis**

6            The Court DENIES Plaintiff's request for appointment of counsel for lack of exceptional

7    circumstances.  As noted *supra*, inability to afford counsel, limited knowledge of the law, and

8    challenges in developing the factual record do not constitute exceptional circumstances.  The

9    Court has reviewed this case and does not find it to be either legally or factually complex.  At this

10   stage in the litigation, where there has only been a complaint filed and a deferential screening of

11   the complaint, it is unclear whether Plaintiff will succeed on the merits of his claims.  It is also

12   unclear that this case requires the extensive discovery that Plaintiff claims.  To the extent that

13   Plaintiff does require the extensive discovery he details, Plaintiff can obtain the requested

14   documents via sending discovery requests to Defendants.  Although Plaintiff claims that no longer

15   being housed at PBSP has prevented him from developing the facts, his pleadings indicate

16   otherwise.  Plaintiff has thus far ably articulated his claims, developed the record, and otherwise

17   prosecuted this action, despite no longer being housed at PBSP, and despite his lack of access to

18   his legal property and his limited access to the law library.  Also, Plaintiff has not been denied

19   access to the law library altogether.  The limited or delayed access to the law library and delay in

20   obtaining his legal property justify extensions of Plaintiff's filing deadlines but do not require

21   appointment of counsel.  Finally, it is unclear whether this action will proceed to trial, so a

22   potential jury trial and the related conflicting testimony and credibility determinations do not

23   require appointment of counsel at this time.

24           For the foregoing reasons, Plaintiff's request for appointment of counsel is DENIED.  Dkt.

25   No. 22.  This denial is without prejudice to the Court's *sua sponte* appointment of counsel should

26   circumstances so require, i.e., if this case proceeds to trial.

27   //

28   //

United States District Court
Northern District of California

4

**CONCLUSION**

For the reasons set forth above, the Court DENIES Plaintiff's request for appointment of counsel without prejudice to the Court's *sua sponte* appointment of counsel should circumstances so require.  Dkt. No. 22.

This order terminates Dkt. No. 22.

**IT IS SO ORDERED.**

Dated:   12/16/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

5