UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH HERNANDEZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>I.S.U., et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-04368-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL; DISMISSING DEFENDANT TOWNSEND; DISMISSING DEFENDANTS' SUMMARY JUDGMENT MOTION WITHOUT PREJUDICE; DENYING AS MOOT REQUEST FOR EXTENSION OF TIME TO FILE REPLY**<br><br>Re: Dkt. Nos. 28, 29, 36, 40 |

Plaintiff, an inmate at High Desert State Prison, has filed a *pro se* action pursuant to 42 U.S.C. § 1983 regarding events that happened at Pelican Bay State Prison ("PBSP"), where he was previously housed. The complaint alleges that (1) PBSP officers Kaufman, McBride, Townsend and Bradbury violated Plaintiff's due process rights when they placed him in administrative segregation on August 5, 2017, based on evidence that lacked indica of reliability, and (2) PBSP officer Lacy retaliated against Plaintiff in violation of the First Amendment when, in retaliation for Plaintiff naming him in a staff complaint and a federal civil rights action, defendant Lacy refused to conduct an unbiased investigation of Plaintiff's August 2017 grievance challenging the administrative segregation placement. Dkt. Nos. 1, 8, 10, 11. This order addresses Plaintiff's motion to compel further response to his two requests for production, Dkt. No. 29; and Plaintiff's notice, Dkt. No. 36. In addition, because the parties are still engaged in discovery, the Court DENIES Defendants' summary judgment motion, Dkt. No. 28, without prejudice to re-filing after all outstanding discovery issues are resolved, and DENIES as moot Defendants' request for an extension of time to file their reply in support of their summary judgment motion, Dkt. No. 40.

**DISCUSSION**

**I.  Motion to Compel**

Plaintiff has filed a motion to compel further response to his two requests for production ("RFPs"). Dkt. No. 29. It is unclear from the motion exactly what documents Plaintiff is seeking to compel. Specifically, it is unclear if Plaintiff is seeking to compel Defendants to produce responsive documents that Defendants have deemed confidential, or if Plaintiff is alleging that there are additional responsive documents that Defendants have failed to disclose, or both. For example, in the motion to compel, Plaintiff argues that the motion should be granted because documents regarding defendant Lacy's past mistreatment of prisoners and regarding conversations about Plaintiff are relevant to this litigation. It is unclear if Plaintiff is alleging that there are documents within these two categories that are responsive to his RFPs but have not been produced. It is also unclear if these are the only categories of documents that Plaintiff seeks to obtain in this motion to compel.

Since the motion to compel was filed, the parties have met and conferred. Defendants report that through the meet-and-confer process, they determined that Plaintiff sought further responses to RFP Set No. 1, Nos. 2 and 6, and further responses to RFP Set No. 2, No. 2. Defendants report that they provided supplemental responses to these RFPs and that for one RFP, they provided additional documents. Defendants report that the supplemental response and supplemental document production resolved all but one issue. According to Defendants, the outstanding issue is whether they should be required to produce the confidential memorandum on which defendant McBride relied in ordering Plaintiff to be placed in administrative segregation. *See generally* Dkt. No. 35. It is unclear whether Plaintiff agrees with Defendants' representations that this is the sole outstanding discovery issue. *See generally* Dkt. Nos. 29, 35, 37.

The Court presumes that the outstanding discovery issues concern the documents identified in Plaintiff's reply in support of his motion to compel. In his reply, Plaintiff states that he continues to seek production of the August 3, 2017 confidential memorandum; that he is willing to abide by any protective order entered by the Court; that the redactions in the emails provided to him – presumably referencing the six emails provided in response to RFP Set No. 1, No. 6 – are

excessive because the only non-redacted material is Plaintiff's name; and that documents related to the investigation of Grievance No. PBSP-17-01804 are relevant. *See* Dkt. No. 37 at 1, 3, 5. Based on the reply, the Court construes the motion to compel as seeking production of the following documents: (1) the August 3, 2017 confidential memorandum; (2) unredacted copies of the six emails produced in response in response to RFP Set One, No. 6; and (3) documents related to the investigation of Grievance No. PBSP-17-01804. For the reasons set forth below, the Court GRANTS the request to compel production of the August 3, 2017 confidential memorandum pending the Court's *in camera* review and DENIES without prejudice the remainder of the motion to compel.[1]

### A.     Relevant Background

On or about August 5, 2017, Plaintiff was issued a CDCR Form 1030, which informed him that information from a confidential source had been relied upon in deciding to place him in segregated housing. Dkt. No. 35 at 2.

The Form 1030 received by Plaintiff stated that a confidential informant had indicated that a validated member of the Mexican Mafia was ordering Facility A inmates to coordinate an assault on correctional staff with weapons and that Plaintiff had been identified as one of the possible inmates coordinating and planning the assault. The Form 1030 stated that documentation for this information was a confidential memorandum dated August 2, 2017 and authored by A. Kaufman. Dkt. No. 28-4 at 5-6.

On August 5, 2017, based on the Form 1030, Plaintiff was placed in PBSP's administrative segregation unit ("ASU"). *See* Dkt. No. 35 at 2.

Plaintiff requested an investigation into his ASU placement. At the end of the investigation, prison officials determined that the confidential memorandum never mentioned Plaintiff and that the Form 1030 therefore was issued in error. Dkt. No. 29 at 8.

In the complaint, Plaintiff makes the following factual allegations. The Form 1030 was unreliable

---

[1] If Plaintiff seeks documents in addition to these three categories of documents, he should file a second motion to compel that identifies the specific discovery requests for which he seeks to compel additional responses and/or which specific documents he seeks to require Defendants to produce.

3

1  due to its vagueness and failure to adequately identify how the information was obtained.  Plaintiff
2  informed defendants Townsend and Bradbury of the unreliability of the confidential information,
3  and informed defendant Bradbury that the confidential information was being used to retaliate
4  against Plaintiff.  Despite being aware of the unreliability of the confidential information,
5  defendants Townsend and Bradbury relied on this confidential information to place Plaintiff in
6  administrative segregation, in violation of the Due Process Clause.  *See generally* Dkt. No. 1 at
7  45-47; *see also* Dkt. No. 8.

### B. August 3, 2017 Confidential Memorandum

Plaintiff argues that the confidential memorandum is relevant under Fed. R. Civ. P. 26(b)(1) in that it could lead to the discovery of admissible evidence, specifically support for his claim that his placement in ASU was due to correctional officers seeking to "get rid" of Plaintiff. Dkt. No. 29 at 8.  Plaintiff also states that he can and will abide by any protective order entered by the Court.  Plaintiff contends that Defendants' arguments are based on the premise that prisoners are not entitled to the discovery process and that by labeling information confidential, correctional officers can bypass the Federal Rules of Civil Procedure.  Dkt. No. 37 at 3.

Defendants argue that they should not be required to produce the confidential memorandum for the following reasons.  First, Defendants argue that the confidential memorandum is irrelevant because, by regulation, all that is required for placement in the ASU is the ASU Placement Notice, CDC Form 114, which has already been provided to Plaintiff. Second, Defendants argue that the confidential memorandum contains primarily confidential information such that, if all the confidential information in the memorandum were to be redacted, nothing would be visible but Plaintiff's name.  Third, Defendants argue that production of the confidential memorandum is subject to the official information privilege because it contains sensitive information that would cause more harm than good if disclosed.  Fourth, Defendants argue that production of the confidential memorandum would compromise the safety of both correctional officers and inmates because it would chill the flow of information provided by witnesses, victims, and informants, thereby compromising the CDCR's ability to conduct accurate and reliable inquiries into prison gang activity.  They also contend that if information in these

documents were revealed to the public, there is a risk that it could be provided to incarcerated persons or those affiliated with them and could be used to undermine the safety and security of prisons by educating them about how staff members manage the prison population, respond to incidents, conduct investigations, gather intelligence, and return the prison to normal operations following an incident, and by providing inmates with information necessary to avoid or thwart staff members' attempts to secure the prison and maintain security. Defendants argue that disclosure subject to a protective order cannot address these concerns because a protective order cannot guarantee that the confidential information will not make its way into the inmate population, especially where the plaintiff is a *pro se* inmate. Defendants argue that the potential harm is too severe to risk. Defendants request that if the Court determines that the confidential memorandum is relevant, the Court first review the confidential memorandum *in camera* before deciding whether it should be produced.

A party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679–80 (N.D. Cal. 2006); *see also Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005) ("District courts have broad discretion in determining relevancy for discovery purposes."). Rule 37 of the Federal Rules of Civil Procedure enables the propounding party to bring a motion to compel responses to discovery. Fed. R. Civ. P. 37(a)(3)(B). The party seeking to compel discovery bears the burden of showing that the discovery sought is relevant, while the party resisting discovery bears of the burden of showing that the discovery should not be allowed. *See Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995); *see also DIRECT TV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (the party resisting discovery bears "the burden of clarifying, explaining, and supporting its objections").

Plaintiff has proffered a reasonable argument as to why this information is relevant under Fed. R. Civ. P. 26. The complaint alleges that defendants Kaufman, McBride, Bradbury, and

5

1    Townsend placed Plaintiff in administrative segregation based on evidence that lacked indica of
2    reliability.  In cases of administrative segregation (as distinguished from segregation for
3    disciplinary violations), due process requires *inter alia* that there is "some evidence" to support the
4    reason for the placement in administrative segregation and that the evidence have some indica of
5    reliability.  *See Bruce v. Ylst*, 351 F.3d 1283, 1287-88 (9th Cir. 2003).  The Court disagrees with
6    Defendants' argument that the confidential memorandum is irrelevant because the Form 114 was
7    sufficient to authorize Plaintiff's placement in administrative segregation:  the Form 114
8    references and relies on the confidential information in the confidential memorandum.  Dkt. No.
9    28-4 at 8.

10   However, Defendants' concern that the disclosure of a confidential memorandum
11   memorializing information provided by a confidential informant would impede the effectiveness
12   of staff misconduct investigations is well-founded.  The Court also agrees that there is a risk in
13   disclosing a confidential memorandum that reports information from a confidential informant and
14   that some inmate-plaintiffs might disregard a protective order and misuse the information.
15   Accordingly, the Court defers ruling on whether the confidential memorandum should be
16   produced.  The Court ORDERS Defendants to submit a copy of the confidential memorandum to
17   chambers within fourteen (14) days of the date of this order for *in camera* review.  Defendants
18   shall simultaneously file a "Notice of Filing" in the docket, indicating that the confidential
19   memorandum has been provided to the Court for *in camera* review.  After the Court reviews the
20   confidential memorandum, the Court will decide whether to grant Plaintiff's motion to compel
21   disclosure of that document, and will determine whether redactions are warranted and what
22   limitations on access should be imposed.

23   **C.      Unredacted Copies of Emails Produced in Response to RFP Set No. One, No. 6**

24   Plaintiff alleges that the redaction of the emails produced in response to RFP Set No. One,
25   No. 6, render them unintelligible: "the emails are all completely redacted except w[h]ere
26   Plaintiff's name appears and there is no information attached to Plaintiff's name, it is literally just
27   Plaintiff's name on a piece of paper."  Dkt. No. 37 at 3.  The Court presumes that Plaintiff is
28   seeking to compel production of unredacted copies of these emails.  This portion of the motion to

United States District Court
Northern District of California

1   compel is DENIED.  The Court has reviewed the redacted copies of these emails and it appears
2   that the information redacted is the names and inmate numbers of other inmates and the name of
3   the correctional staff preparing the emails.  *See* Dkt. No. 35-1 at 18-26.  Plaintiff has not identified
4   what information he believes has been redacted that is relevant to his claims and how the need for
5   disclosure of the information outweighs the confidentiality of the third-party inmates that may be
6   listed in the redacted portions.  The denial of the request to compel production of unredacted
7   copies of the emails produced in response to RFP Set No. One, No. 6, is without prejudice to
8   Plaintiff renewing this request, accompanied by an explanation as to why the redacted information
9   is relevant to Plaintiff's claims.

**D.     Documents Related to Investigation of Grievance No. PBSP-17-01804**

In his reply, Plaintiff states that he requests "the appeal inquiry that was conducted into his claim of retaliation."  Dkt. No. 37 at 3.  He states that this inquiry is not provided to inmates during the 602 process but is kept in the appeal file for litigation involving the department.  *Id.*  Plaintiff appears to be referring to his RFP Set One, Request No. 2, in which he requests any and all records, electronically stored information, written statements, documents, memorandum, investigative files, originals or copies, that were produced or were created as the results of the investigation conducted by Defendant Lacy into CDCR 602 Appeal Log No. PBSP-17-01804.  However, Defendants have stated that there are no documents responsive to this request.  Dkt. No. 35 at 6.  Accordingly, Plaintiff's request to compel further response to RFP Set One, Request No. 2 is DENIED because there is nothing in the record implying that Defendants' discovery response was untruthful.  The denial of this request is without prejudice to Plaintiff renewing this request if he has evidence indicating that such documents exist and that Defendants' discovery response is thus inaccurate.

**II.    Plaintiff's Notice Re Second Amended Complaint (Dkt. No. 36)**

Plaintiff has filed a notice stating that he mistakenly identified correctional officer Townsend as a defendant, when he meant to list Townsend Campbell as a defendant.  Dkt. No. 36.  Plaintiff requests to dismiss defendant Townsend from this action.  *Id.*  Good cause being shown, the Court DISMISSES defendant Townsend from this action with prejudice.

7

### III. Defendants' Summary Judgment Motion (Dkt. No. 28)

Defendants have filed a motion for summary judgment. Dkt. No. 28. Given that discovery is ongoing and that the document to be produced pursuant to this order is directly relevant to the issues raised in this action, the Court DISMISSES Defendants' summary judgment motion (Dkt. No. 28) without prejudice to re-filing after all outstanding discovery issues are resolved. The Court DENIES as moot Defendants' request for an extension of time to file their reply in support of their summary judgment motion. Dkt. No. 40.

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. The Court GRANTS IN PART AND DENIES IN PART Plaintiff's motion to compel. Dkt. No. 29.

The Court DENIES Plaintiff's motion to compel Defendants to produce unredacted copies of the emails provided in response to RFP Set No. One, Request No. 6. The denial of this request is without prejudice to Plaintiff renewing this request, accompanied by an explanation as to why the redacted information is relevant to Plaintiff's claims.

The Court DENIES Plaintiff's motion to compel further response to RFP Set No. One, Request No. 2. The denial of this request is without prejudice to Plaintiff renewing this request if he has evidence indicating that such documents exist and that Defendants are being untruthful in their discovery response.

The Court DEFERS ruling on Plaintiff's motion to compel production of the confidential memorandum. Within fourteen (14) days of the date of this order, Defendants shall provide a copy of the confidential memorandum to chambers for *in camera* review. Defendants shall simultaneously file a "Notice of Filing" in the docket, indicating that the confidential memorandum has been provided to the Court for *in camera* review. After the Court reviews the confidential memorandum, it will rule on the motion.

2. Pursuant to Plaintiff's notice, Dkt. No. 36, the Court DISMISSES defendant Townsend from this action with prejudice.

3. In light of the ongoing discovery, the Court DISMISSES Defendants' summary

judgment, Dkt. No. 28, without prejudice to re-filing after all outstanding discovery issues are resolved. The Court DENIES as moot Defendants' request for an extension of time to file their reply in support of their summary judgment motion. Dkt. No. 40.

This order terminates Dkt. Nos. 28, 40.

**IT IS SO ORDERED.**

Dated:  8/11/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge