1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    JOSEPH HERNANDEZ,                        Case No.  21-cv-04368-HSG

8                    Plaintiff,               **ORDER GRANTING MOTION TO**
                                              **COMPEL; DIRECTIONS TO**
9            v.                               **DEFENDANTS AND CLERK**

10   I.S.U., et al.,                          Re: Dkt. No. 29

11                  Defendants.

12

13          Plaintiff, an inmate at High Desert State Prison, has filed a *pro se* action pursuant to 42

14   U.S.C. § 1983 regarding events that happened at Pelican Bay State Prison ("PBSP"), where he was

15   previously housed.  In this order, the Court GRANTS Plaintiff's motion to compel production of

16   the August 3, 2017 confidential memorandum, subject to redactions.  Dkt. No. 29.

17                                    **BACKGROUND**

18          The complaint alleges that (1) PBSP officers Kaufman, McBride, and Bradbury violated

19   Plaintiff's due process rights when they placed him in administrative segregation ("ASU") on

20   August 5, 2017, based on evidence that lacked indica of reliability, and (2) PBSP officer Lacy

21   retaliated against Plaintiff for naming defendant Lacy in a staff complaint and a federal civil rights

22   action by refusing to conduct an unbiased investigation of Plaintiff's August 2017 grievance

23   challenging the administrative segregation placement, in violation of the First Amendment.  Dkt.

24   Nos. 1, 8, 10, 11.  Plaintiff was informed that his placement in administrative segregation was

25   based on information from a confidential source, and that this information was recorded in a

26   confidential memorandum dated August 3, 2017.  Dkt. No. 28-4 at 5-6.  Plaintiff filed a motion to

27   compel production of this confidential memorandum, arguing that the confidential memorandum

28   is relevant under Fed. R. Civ. P. 26(b)(1) in that it could lead to the discovery of admissible

United States District Court
Northern District of California

1   evidence, specifically support for his claim that his placement in ASU was due to correctional

2   officers seeking to "get rid" of Plaintiff.   *See generally* Dkt. Nos. 29, 37.  Defendants opposed the

3   motion to compel on multiple grounds, including irrelevance and concerns that producing the

4   confidential memorandum would compromise the safety of both correctional officers and inmates.

5   *See generally* Dkt. No. 35.  The Court concluded that the confidential memorandum was relevant,

6   and ordered Defendants to submit the confidential memorandum for *in camera* review so that the

7   Court could assess whether the confidential memorandum could be produced in a manner that

8   would adequately address Defendants' reasonable safety concerns while allowing Plaintiff to

9   access relevant discovery:

> Plaintiff has proffered a reasonable argument as to why this information is relevant under Fed. R. Civ. P. 26. The complaint alleges that defendants Kaufman, McBride, Bradbury, and Townsend placed Plaintiff in administrative segregation based on evidence that lacked indicia of reliability. In cases of administrative segregation (as distinguished from segregation for disciplinary violations), due process requires *inter alia* that there is "some evidence" to support the reason for the placement in administrative segregation and that the evidence have some indicia of reliability. *See Bruce v. Ylst*, 351 F.3d 1283, 1287-88 (9th Cir. 2003). The Court disagrees with Defendants' argument that the confidential memorandum is irrelevant because the Form 114 was sufficient to authorize Plaintiff's placement in administrative segregation: the Form 114 references and relies on the confidential information in the confidential memorandum. Dkt. No. 28-4 at 8. However, Defendants' concern that the disclosure of a confidential memorandum memorializing information provided by a confidential informant would impede the effectiveness of staff misconduct investigations is well-founded. The Court also agrees that there is a risk in disclosing a confidential memorandum that reports information from a confidential informant and that some inmate-plaintiffs might disregard a protective order and misuse the information. Accordingly, the Court defers ruling on whether the confidential memorandum should be produced. The Court ORDERS Defendants to submit a copy of the confidential memorandum to chambers within fourteen (14) days of the date of this order for in camera review. Defendants shall simultaneously file a "Notice of Filing" in the docket, indicating that the confidential memorandum has been provided to the Court for *in camera* review. After the Court reviews the confidential memorandum, the Court will decide whether to grant Plaintiff's motion to compel disclosure of that document, and will determine whether redactions are warranted and what limitations on access should be imposed.

23   Dkt. No. 41 at 5-6.

24       Pursuant to the Court's order, Defendants have provided the Court with a copy of the

25   confidential memorandum for *in camera* review.  Dkt. No. 44.

26                                    **DISCUSSION**

27       Defendants oppose production of the confidential memorandum, arguing that the

28   memorandum is subject to the official information privilege, which precludes the disclosure of

United States District Court
Northern District of California

2

governmental records that contain sensitive information when the disclosure would cause more harm than good.  Defendants argue that production of the confidential memorandum would compromise the safety of both correctional officers and inmates for the following reasons.  PBSP is a maximum security prison designed to house California's most serious criminal offenders.  Information may be designated as confidential if its disclosure might comprise the integrity of investigations or staff and inmate security.  This includes information about investigations, other inmates, enemies, and prison gang validations.  Disclosure of confidential information would comprise the CDCR's ability to conduct accurate and reliable inquiries into prison gang activity; would chill the flow of information provided by witnesses, victims, and informants, who would not want to run the risk that they could be identified; could educate incarcerated persons or persons affiliated with them about how staff members manage the prison population, respond to incidents, conduct investigations, and gather intelligence; and could be used to provide inmates with information necessary to avoid or thwart staff members' attempts to maintain security.  Information designated as confidential is available only to correctional staff.  *See generally* Dkt. No. 35.

Defendants insist that a protective order cannot alleviate the substantial risk of harm because a protective order cannot guarantee that confidential information will not make its way into the inmate population, in particular where the plaintiff is proceeding *pro se* and will directly view the confidential information, and the potential harm is too severe to risk.  Defendants also insist that redactions cannot alleviate the substantial risk of harm because "[r]educating personal information does not necessarily protect confidentiality," and redaction of the confidential information in the memorandum would result in the entire memorandum being redacted except for Plaintiff's name.  *See generally* Dkt. No. 35.

In support of their claim that the official information privilege precludes the production of the confidential memorandum, Defendants provide a declaration from PBSP Investigative Services Unit sergeant S. Skerick, attesting to the arguments made above.  *See* Dkt. No. 35-2.

Plaintiff argues that the confidential memorandum is relevant for the following reasons.  Plaintiff was placed in ASU because the confidential memorandum identified him as involved in a

conspiracy.  Plaintiff was then told that the confidential memorandum did not mention his name and was issued in error.  If Plaintiff was not mentioned in the confidential memorandum, how was a CDCR 1030 produced that identified Plaintiff as being involved in a conspiracy?  Plaintiff states that he can, and will, abide any court-ordered protective order.  Plaintiff argues that Defendants' argument that a prisoner cannot be trusted to abide by a protective order effectively places all prisoners at a disadvantage when litigating cases that involve confidential information.  *See generally* Dkt. Nos. 29, 37.

## I.       Legal Standard

Fed. R. Civ. P. 26(b)(1) provides that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  "Federal common law recognizes a qualified privilege for official information."  *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1991).  The privilege "'is broad enough to cover all the disparate kinds of data and communications that can be involved in" civil rights cases against governmental actors.  *Kelly v. City of San Jose*, 114 F.R.D. 653, 660 (N.D. Cal. 1987) (in excessive force arrest case, applying official information privilege to police files regarding plaintiff's alleged offense, citizens' complaints and internal complaints against arresting officer, policy and manuals discussing use of force techniques).  "To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages.  If the latter is greater, the privilege bars discovery."  *Id.* at 1033–34.  The official information privilege "is moderately pre-weighted in favor of disclosure."  *Id.* at 661.  The party opposing disclosure must make a substantial threshold showing by submitting a declaration or affidavit from a responsible person "stat[ing] with specificity the rationale of the claimed privilege."  *Kerr v. United States Dist. Ct. for the Northern Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975).  In order for the Court to determine whether the official information privilege applies, a defendant must provide with the objection a declaration or affidavit containing (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained

its confidentiality, (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to the plaintiff, (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if the disclosure were made.  *Kelly*, 114 F.R.D. at 670.  If the government makes the equivalent of a prima facie showing of harm, the burden shifts to the plaintiff to: (1) show how the requested information is relevant to the litigation or is reasonably calculated to lead to the discovery of admissible evidence; (2) identify his interests that would be harmed if the material were not disclosed; and (3) show how that harm would occur and how extensive it would be.  *Id.* at 671.  The Court must conduct a situation-specific analysis of the factors made relevant by the request in issue and the objection to it."  *Id.* at 663.

## II.     Analysis

The Court has reviewed Skerick's declaration, the parties' briefing, and the confidential memorandum.  After considering the *Kelly* factors and balancing Plaintiff's need for the confidential memorandum against Defendants' security and safety concerns, the Court finds that limited disclosure of the confidential memorandum is appropriate, and that the parties' interests and concerns can be addressed by a redacted version of the confidential memorandum.

As discussed in the Court's prior order, the confidential memorandum is directly relevant to Plaintiff's claims.  Plaintiff is challenging the reliability of the information that resulted in his administrative segregation placement, and that information is contained in the confidential memorandum.  It can reasonably be said that this confidential memorandum is essential to evaluating Plaintiff's claims.

Defendants' general argument that prison security is threatened when inmates are allowed to access confidential information – in particular, information provided by confidential informants – is reasonable.  However, Defendants have not made a *prima facie* showing of harm under the *Kelly* factors because they fail to show that disclosure of this particular confidential memorandum would create a substantial risk of harm to significant governmental interests.  Skerick's declaration

United States District Court
Northern District of California

adequately establishes the first *Kelly* factor – that the confidential memorandum was collected in confidence and its confidentiality has been maintained.  However, it is unclear if Skerick reviewed the confidential memorandum at issue here, as required by *Kelly*.  Skerick does not declare that he reviewed the confidential memorandum, but merely states "I have been made aware that one of the items of discovery sought by Plaintiff in this case is the confidential memorandum naming Plaintiff as co-conspirator in a coordinated assault by the Mexican Mafia on prison officials." Dkt. No. 35-2 at 3.  More importantly, Skerick does not address why disclosure of this particular memorandum would result in "potential harm too severe to risk," Dkt. No. 35-2 at 4, as is required by *Kelly*.  Skerick's declaration instead proffers general arguments about the dangers of disclosing confidential information, arguing that disclosure compromises prison security by educating inmates as to how prison staff manage the prison population, respond to incidents, conduct investigations, and gather intelligence.  Skerick's declaration also insists generally that a protective order and redactions can never be sufficient to preserve confidentiality, even where the prisoner-plaintiff is represented by counsel

While the Court agrees that there is an inherent risk in disclosing confidential information to an inmate and that some inmate-plaintiffs may disregard a protective order and misuse the information, the Court disagrees that this risk allows Defendants to always withhold relevant information.  Plaintiff has stated that he will abide by any protective order, and there is nothing in the record that indicates that Plaintiff is not acting in good faith.  Moreover, in this particular case, the confidential memorandum can reasonably be described as the crux of this case.  Keeping in mind that the official information privilege is moderately pre-weighted in favor of disclosure, the Court finds that, in this case, disclosure of this confidential memorandum, subject to redaction and a protective order, is appropriate.  The Court therefore GRANTS Plaintiff's motion to compel the August 3, 2017 memorandum subject to redactions.

**III.    Protective Order**

The Court ORDERS the parties to execute the Northern District of California's Model Stipulated Protective Order for Standard Litigation, pursuant to which the confidential memorandum will be produced.  If Defendants have no objections to the use of the model

protective order, Defendants are ordered to file, within **fourteen (14) days** of the date of this Order, a protective order executed by both parties.  Defendants shall coordinate with prison officials to obtain Plaintiff's signature.  If Defendants believe that the model protective order is not appropriate here, they must so inform the Court within **seven (7) days** of the date of this Order and must provide (1) a proposed protective order; and (2) a declaration explaining why use of one of the model orders is not practicable and explaining each modification to the model protective order, along with a redline version comparing the proposed protective order with the model protective order.

**IV.    Redactions**

The Court has reviewed the confidential memorandum and redacted the memorandum in a manner that balances Plaintiff's discovery needs and Defendants' security concerns.  The Court will send Defendants a copy of the redacted memorandum under separate cover.

Within **seven (7) days** of the date of this Order, Defendants shall inform the Court if they consent to the redactions.  If Defendants object to the redactions, Defendants shall submit proposed redactions to the Court for *in camera* review.  Any proposed redactions must be accompanied by specific reasons for rejecting the Court's redactions or for seeking additional redactions.  Defendants may not rely on the general arguments regarding the harms of disclosing confidential information that they have previously presented.

After the parties have filed an executed protective order with the Court and the Court has resolved any objections to the redactions, the Court will order production of the redacted copy of the confidential memorandum to Plaintiff within a set time period.

**CONCLUSION**

For the reasons set forth above, the Court ORDERS as follows.

1.      The Court GRANTS Plaintiff's motion to compel the August 3, 2017 memorandum subject to redactions and a protective order.  Dkt. No. 29.

2.      The Court ORDERS the parties to execute the Northern District of California's Model Stipulated Protective Order for Standard Litigation, pursuant to which the confidential memorandum will be produced.  If Defendants have no objections to the use of the model

7

United States District Court
Northern District of California

protective order, Defendants are ordered to file, within **fourteen (14) days** of the date of this Order, a protective order executed by both parties.  Defendants shall coordinate with prison officials to obtain Plaintiff's signature.

If Defendants believe that the model protective order is not appropriate here, they must so inform the Court within **seven (7) days** of the date of this Order and must provide (1) a proposed protective order; and (2) a declaration explaining why use of one of the model orders is not practicable and explaining each modification to the model protective order, along with a redline version comparing the proposed protective order with the model protective order.

3.      Within **seven (7) days** of the date of this Order, Defendants shall inform the Court if they consent to the redactions.  If Defendants object to the redactions, Defendants shall submit proposed redactions to the Court for *in camera* review.  Any proposed redactions must be accompanied by specific reasons for rejecting the Court's redactions or for seeking additional redactions.  Defendants may not rely on the general arguments regarding disclosure of confidential information that they have previously presented in prior pleadings.

**IT IS SO ORDERED.**

Dated:    10/28/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge

8